**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| SURAPAN SIRIRATTANAPRASERT, | : | |
| Petitioner, | : | No. 2:26-cv-4799 |
| | : | |
| vs. | : | |
| | : | |
| BRIAN MCSHANE, MARKWAYNE | : | |
| MULLIN, TODD BLANCHE, DAVID | : | |
| VENTURELLA, | : | |
| Respondents. | : | |

**Order**

**AND NOW**, this 30th day of July 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1) filed by the Petitioner, and the Government's Response in Opposition (ECF No. 6) thereto, and in accordance with the video conference with the parties, it is hereby ORDERED that the Petition is **DENIED**.[1]

The Clerk of Court is **DIRECTED** to Strike the Court's July 29th Order (ECF No. 9) from the Docket.

**IT IS SO ORDERED**.

BY THE COURT:

/s/ John Milton Younge
**JOHN MILTON YOUNGE, J.**

---

[1] According to the Government's Response in Opposition, the Petitioner was terminated from the Department of Homeland Security—Immigration and Customs Enforcement (ICE) "ATD ISAP" program on June 14, 2026, (4) days after Petitioner sought habeas corpus relief. (ECF No. 6.) This action effectively removed all types of electronic monitoring of Petitioner, including an ankle monitor—the subject of the Petition—and travel restrictions. Therefore, the only issue remaining for the Court's consideration is Petitioner's request to end the requirement that every six months he travel a long distance from his home to Philadelphia to report into a kiosk. While this (6) month reporting requirement on its face seems unreasonable in that it imposes a condition never ordered by any immigration judge, the Court is restrained from reaching the merits of Petitioner's requested relief because it is not one for which habeas relief may be sought.  Therefore, the Court denies habeas relief.